UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

      **Petitioner,**

  v.                                          Case No. 21-CV-332

ERNELL R. LUCAS, et. al,

      **Respondents.**

---

### ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND REPORT AND RECOMMENDATION FOR DISMISSAL OF PETITION[1]

---

Syris T. Birkley, who is currently incarcerated at the Milwaukee County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.) Birkley also moves for leave to proceed without prepaying the $5.00 filing fee applicable to § 2241 petitions (Docket # 3) and has submitted a prison trust fund account statement. (Docket # 4).

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner seeking to bring a civil action without prepayment of fees must, in addition to filing the affidavit, submit a certified copy of the trust fund account statement (or

---

[1] Because the respondents have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Birkley's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

institutional equivalent) for the 6-month period immediately preceding the filing of the petition. 28 U.S.C. § 1915(a)(2). Upon review of Birkley's affidavit and prison trust fund account statement, I find that Birkley does not have sufficient funds to pay the $5.00 filing fee. Birkley asserts that he has no assets (Docket # 3) and his account shows a balance of $0.00. (Docket # 4 at 3). As such, Birkley's motion to proceed without prepayment of the filing fee is granted.

I must now screen Birkley's § 2241 petition. Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I can apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Birkley is a pretrial detainee, thus, he properly sought relief under § 2241. Birkley challenges ongoing proceedings in the Milwaukee County Circuit Court Case No. 18CF005627. (Docket # 1.) In his habeas petition, Birkley asserts that he has been deprived of his right to a speedy trial; that the State of Wisconsin and its courts lack jurisdiction over him; that there is no evidence to support the charges against him; that no probable cause and information forms have been filed in his case; and that his case has been intentionally delayed to gain a tactical advantage and documents have been falsified to frame him. (*Id.* at 2–5.)

While § 2241 allows a pretrial detainee to bring a habeas corpus petition, this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392,

at *3 (E.D. Wis. June 9, 2017). The general rule is that a pretrial detainee must proceed with his claims through the regular state criminal proceedings and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). However, an exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. *Id.* Speedy trial and double jeopardy claims are two recognized exceptions allowed to proceed under § 2241. *Id.* Habeas corpus relief, both under § 2241 and § 2254, is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McQuire*, 502 U.S. 62, 67 (1991). Finally, pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings. *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (stating that while § 2241 applicants are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ.").

Birkley's case is still pending in Milwaukee County Circuit Court. A trial is scheduled for April 5, 2021. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County, Case No. 2018CF005627, at http://wcca.wicourts.gov (last visited March 24, 2021). While Birkley states that he has filed several motions in the trial court, including a motion to dismiss and motion for an evidentiary hearing (Docket # 1 at 4), it does not appear that Birkley has pursued all of his claims in the ongoing state proceedings, both at the trial court level and on appeal. Thus, Birkley has not exhausted his state court remedies with respect to the claims in his petition.

As stated above, a speedy trial violation is a recognized exception to the general rule that federal courts should not interfere with ongoing state court criminal proceedings. However, speedy trial claims are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely. *Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, at *1 (E.D. Wis. Oct. 20, 2014); *see also Hirsch v. Smitley*, 66 F.Supp.2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright."). Birkley's petition does not indicate that he is seeking to force a trial; rather, he requests that the state court case be dismissed. (Docket # 1 at 2.)[2]

Birkley additionally asks for dismissal of his case based on the conditions of his confinement. (*Id.* at 6.) However, "[w]hile § 2241 is the appropriate statute for a pretrial detainee to use to challenge the *fact* of his confinement, it is not the appropriate statute for him to use to challenge the *conditions* of his confinement," which should instead be challenged under 42 U.S.C. § 1983. *Jackson v. Lucas*, No. 20-CV-1217-PP, 2020 WL 6063488, at *2 (E.D. Wis. Oct. 14, 2020) (emphasis in original). Birkley currently has three pending § 1983 actions within this District. *See* Case Nos. 20-cv-497-NJ; 20-cv-1274-LA; 20-cv-1513-LA. Birkley has not presented any exceptional circumstances to justify interfering with his ongoing state criminal proceedings. For these reasons, it is recommended that Birkley's § 2241 petition be dismissed.

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Evans v. Circuit*

---

[2] Birkley also requests monetary damages. (Docket # 1 at 6.) While a "claim for release from custody falls squarely within the domain of federal habeas corpus," money damages cannot be awarded in a habeas case. *Strother v. True*, No. 20-CV-00378-JPG, 2020 WL 3469679, at *2 (S.D. Ill. June 25, 2020).

4

*Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (a certificate of appealability is required in a § 2241 case where custody stems from process issued by the judicial branch—as opposed to the executive branch—of the state). Because no reasonable jurists would debate that Birkley has not exhausted his state court remedies or raised exceptional circumstances to justify interfering with his state criminal proceedings, I recommend denial of a certificate of appealability.

**NOW, THEREFORE, IT IS RECOMMENDED** that Birkley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Birkley's motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of March, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge